IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>EDGAR RENE GARCIA-LIMON,<br><br>    Defendant. | Case No. CR-21-032-RAW |

**ORDER**

    Defendant is charged in the Superseding Indictment [Docket No. 29] with: (1) felon in possession of firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (2) aggravated sexual abuse in Indian Country in violation of 18 U.S.C. §§ 2241(c), 2246(2)(D), 1151, and 1152; (3) abusive sexual contact in Indian Country in violation of 18 U.S.C. §§ 2244(a)(5), 2246(3), 1151, and 1152; and (4) illegal reentry of previously removed alien in violation 8 U.S.C. § 1326(a).

    Now before the court is Defendant's motion to dismiss Counts Two and Three of the Superseding Indictment filed on September 8, 2021 [Docket No. 117] and the Government's response thereto [Docket No. 125]. Defendant argues that while Counts Two and Three allege that he committed the acts "[b]eginning on or about August 14, 2011 and continuing until on or about August 13, 2019," each count alleges a single act. Defendant is not correct.

    The Government informs the court that the Defendant began receiving discovery in March of 2021, which included the alleged victim D.C.'s forensic interview and the Defendant's interview with agents. Those interviews, which were also provided as Exhibits to Docket Nos. 63 and 64, detailed sexual abuse from the time D.C. was four years old (from August 14, 2011)

until she was 11 years old (until August 13, 2019), which are the dates provided in the Superseding Indictment. In each Count – Two and Three – the Government has not charged Defendant with a single act of sexual abuse, but with a scheme of sexual abuse. "While each count of an indictment is considered a single offense, a single count may include multiple allegations of illegal acts which could have been pled as a single count if the allegations are part of a single, continuing scheme." *United States v. Schneider*, 594 F.3d 1219, 1225, n.4 (10th Cir. 2010) (citing *United States v. Jaynes*, 75 F.3d 1493, 1502 (10th Cir. 1996).

Count Two relates to Defendant's alleged scheme of abuse of D.C. for eight years directly and not through the clothing pursuant to §§ 2241(c) and 2246(2)(D). Count Three relates to Defendant's alleged scheme of abuse of D.C. for eight years through the clothing pursuant to §§ 2244(a)(5) and 2246(3). Moreover, as the Government argues, each count states the element of the offense charged, the date range when the alleged scheme to abuse D.C. occurred, and the place and nature of the alleged acts. Defendant's motion [Docket No. 117] is hereby DENIED.

**IT IS SO ORDERED** this 23rd day of September, 2021.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**