IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. EDGAR RENE GARCIA-LIMON, *Defendant.* | Case No. CR-21-032-RAW |

## ORDER

Before the court are the Defendant's motion for issuance of subpoena duces tecum requiring the disclosure of confidential records from the Oklahoma Department of Human Services [Docket No. 149] and the motion for relief pursuant to the Due Process Protection Act related to the records he seeks [Docket No. 155]. In the first motion, the Defendant seeks to relitigate issues that have already been resolved. In the second, he seeks relief related to those same issues.

The Government has previously provided to the Defendant all of the DHS records it had in its possession after a protective order was entered. See Docket No. 69. After a hearing on the Defendant's motion to reconsider the protective order and second motion for issuance of subpoena duces tecum on June 29, 2021, Magistrate Judge Shreder denied the Defendant's motion for subpoena duces tecum. See Docket Nos. 84, 85, and 86.

On September 23, 2021, the court denied the Defendant's request for DHS records, noting that the Defendant was attempting to circumvent Judge Shreder's previous rulings relating to the same materials. See Docket No. 135. Now the Defendant moves again for a subpoena

duces tecum for DHS materials. Also, in a separate motion for relief pursuant to the Due Process Protection Act, the Defendant argues that the Government is violating orders of the court and refusing to provide discovery, including the same DHS records and the alleged victim's journals.[*]

> A party seeking a subpoena *duces tecum* pursuant to Rule 17(c) must establish:
>
> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Id.* (citing *United States v. Nixon*, 418 U.S. 683, 699-700 (1974)). To meet this burden, the Defendant "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002) (internal brackets omitted). "Courts have held that requests for an entire file are evidence of an impermissible fishing expedition." *Id*. Also, "[g]enerally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." *Nixon*, 418 U.S. at 701.

While this matter was on for pretrial conference today, the court inquired of defense counsel who informed the court that any other DHS records are relevant in this case to show that the alleged victim never discussed or reported any sexual abuse until February of 2021. The Government stipulates to that fact. The Defendant further argued that the records could show when the alleged victim was in her mother's versus her father's custody. The Defendant pointed to an adjudication order entered in the District Court of Okmulgee on September 10, 2015 giving the alleged victim's father temporary custody, with a future hearing set for October 8, 2015.

---

[*] The journals are not in the Government's possession, and the Government has been informed by the alleged victim's parents that the journals do not pertain to the alleged abuse but are instead about her activities at school and conversations with her friends.

Docket No. 172-6. This is not a DHS record. Moreover, the record herein already shows that the alleged victim was at times in each of her parents' custody with visitation to the other. In fact, the Defendant submitted another court order showing that on March 29, 2016, the custodial arrangement continued as set out in the September 10, 2015 order. Docket No. 172-5. The defense may of course also question the witnesses in this case about the custodial timeline and the Defendant's access to the alleged victim during the times her mother was the non-custodial parent. The Defendant has failed to clear the three hurdles with regard to any possible further DHS records and appears to be on a fishing expedition.

For these and the other reasons stated in the Government's response, Docket No. 156, the Defendant's motions [Docket Nos. 149 and 155] are hereby DENIED.

**IT IS SO ORDERED** this 16th day of December, 2021.

*/s/ Ronald A. White*
_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**