IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.      No. CR 21-0032 RB

EDGAR RENE GARCIA-LIMON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's untimely motion in limine, asking the Court to preclude the Government from referring to D.C. as a "victim" during the trial. (Doc. 219 at 4.) Garcia fails to support his request with authority but argues that the word "victim" takes the determination of whether there was a crime away from the jury and denies him the presumption of innocence. (*Id.*) The Government responds and cites the Crime Victim's Rights Act (CVRA) in support of its position that crime victims are afforded specific rights in any court proceeding. (Doc. 226 at 1 (citing 18 U.S.C. § 18 U.S.C. § 3771(a)(2)–(4), (6)–(7), (9),[1] (b)(1)).) The rights

---

[1] (a) Rights of crime victims.--A crime victim has the following rights:
(1) The right to be reasonably protected from the accused.
(2) The right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused.
(3) The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.
(4) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding.
(5) The reasonable right to confer with the attorney for the Government in the case.
(6) The right to full and timely restitution as provided in law.
(7) The right to proceedings free from unreasonable delay.
(8) The right to be treated with fairness and with respect for the victim's dignity and privacy.
(9) The right to be informed in a timely manner of any plea bargain or deferred prosecution agreement.
(10) The right to be informed of the rights under this section and the services described in section 503(c) of the Victims' Rights and Restitution Act of 1990 (42 U.S.C. 10607(c)) and provided contact information for the Office of the Victims' Rights Ombudsman of the Department of Justice.

18 U.S.C. § 3771(a)(1)–(10).



enumerated in these sections, however, do not include the right of an alleged victim to be referred to as a "victim" at a trial.

Neither party nor the undersigned have found binding authority on this issue. In *United States v. Sena*, United States District Judge Martha Vazquez noted that the term "victim" "is prejudicial when the core issue at trial is whether a crime has been committed—and, therefore, whether there is a victim." No. 19-CR-01432, 2021 WL 4129247, at *1 (D.N.M. Sept. 9, 2021) (citing *Connecticut v. Cortes*, 851 A.2d 1230, 1239-40 (Conn. App. Ct. 2004), aff'd, 885 A.2d 153 (Conn. 2005) (holding that jury charges using the term "victim" instead of "alleged victim" violated a defendant's due process right to a fair trial); *Talkington v. Texas*, 682 S.W.2d 674, 674 (Tex. App. 1984) (use of the term "victim" in court's rape charge was reversible error when the issue at trial was whether complainant consented to sexual intercourse); *People v. Davis*, 423 N.Y.S.2d 229, 230 (N.Y. App. Div. 1979) ("By referring in its charge to the complainant as the 'victim' and to the defendant as the 'perpetrator', the court impermissibly insinuated to the jury that the complainant was the victim of injuries resulting from acts committed by the defendant.")). The *Sena* court explained that "the jury has the responsibility of deciding whether a crime occurred" and "to label [the individual] as a victim at the outset of trial carries the risk of improperly influencing the jury's decision." *Id.* at 2. "Moreover, there is virtually no probative value in allowing the government to use the term 'victim' to describe [the individual]." *Id.* (citing *United States v. Ehrens*, No. CR-15-200-C, 2015 WL 7758544, at *2 (W.D. Okla. Dec. 1, 2015) (considering a similar motion and finding that there was "no need by any party to refer to [the alleged victim] by any particular descriptor other than her name")). The court concluded "that the prejudice resulting from the repeated use of the term 'victim' at trial substantially outweighs the

probative value of the term" and ordered the Government and its witnesses to refrain from referring to the individual as a victim. *Id.* (citing Fed. R. Evid. 403).

In a more recent case, Judge Vazquez found that while the Government should refrain from calling an individual a "victim" during the trial, she would allow the Government to use the word during closing arguments. *United States v. Pena*, No. 20-CR-01903 MV, 2022 WL 1102456, at *3 (D.N.M. Apr. 12, 2022). "In its closing, the government is permitted to argue that it has met its burden to establish [the defendant's] guilt" and, therefore, "it would not be unfairly prejudicial to allow the government to follow this argument to its logical conclusion by calling Jane Doe a victim." *Id.*

There are two cases from Oklahoma that provide guidance. In *Ehrens*, a case Judge Vazquez cited in *Sena*, the defendant argued that the government should not refer to an individual as "a victim of trafficking or even a victim . . . ." 2015 WL 7758544, at *2. The court agreed and directed the parties "to make every effort to refrain from using other descriptors of" the individual other than her name. *Id.* In *United States v. Mathews*, the defendant argued that he planned "to present a self-defense argument at trial" and thus, the accusing individual was not a "victim of a crime." No. 22-CR-001-JFH, 2022 WL 985931, at *1 (E.D. Okla. Mar. 31, 2022). The court found, though, that "[t]he statute under which Defendant is charged – 18 U.S.C. § 113 [(assaults within maritime and territorial jurisdiction)]—uses the word 'victim' three times . . . ." *Id.* Thus, the court allowed the Government and its witnesses to use the term "alleged victim" or the individual's surname. This reasoning would *not* apply in the matter before this Court, however, as the statutes cited in Counts Two and Three of the Second Superseding Indictment (18 U.S.C. §§ 2241, 2244, 2246, 1151, & 1152) do not use the word "victim." (*See* Doc. 196.)

In the end, the Court will direct the Government and its witnesses to refrain from using the word "victim," as the repeated use of the word may result in prejudice. The Government may, if it desires, use the word "victim" in its closing argument only.

**THEREFORE,**

**IT IS ORDERED** that Defendant's motion in limine regarding the word "victim" is **GRANTED IN PART.**

ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

4